IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNMAR CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   02: 07-cv-1529 |
| | ) |
| EXCEL MINING SYSTEMS, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Pending before the Court is DEFENDANT EXCEL MINING SYSTEMS LLC'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S JULY 16, 2009 CLAIM CONSTRUCTION ORDER (Document No. 28). Jennmar filed a response in opposition (Document No. 29) and the motion is ripe for disposition.

Excel seeks clarification and/or reconsideration of the following: (1) the Court's rejection of Excel's argument that an object is not "between" if it touches either Point A or Point B; (2) whether the Court construed disputed terms to mean that "plates with rolled, looped and folded edges do not have a 'free end' in that the 'edge' is joined to the major surface"; and (3) that the common and ordinary meaning of "perimeter" is not limited to two dimensions. In its response on each issue, Jennmar argues: (1) that the Court agreed with Jennmar that the term "between" is self-evident and not in need of construction; (2) that the Court properly construed the term "safety edge" and should reject Excel's proposed backdoor re-definition of that term; and (3) that the Court properly construed the term "perimeter" in the context of the basically flat, square "bearing plates" at issue in this case.

As an initial matter, the Court notes that Excel has not cited a cognizable basis for

reconsideration.  Such motions are not intended to provide dissatisfied litigants with a "second bite at the apple."  To prevail on a motion for reconsideration, a litigant must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).  As Excel has not cited to any change in law or new evidence, it presumably claims clear error or manifest injustice.

The Court turns now to the specific issues raised by Excel.  The Court adheres to its conclusion regarding the term "between."  To use Jennmar's analogy, if A, B and C are in a row, B is "between" A and C, even if they are holding hands.  The Court again rejects Excel's effort to alter this commonly understood meaning.

Contrary to Excel's suggestion, the Court did not construe the terms "rolled, looped and folded safety edges" to mean having an edge joined to a major surface.  Indeed, the Court specifically noted that it was unnecessary to construe those terms:

> Thus, the Court need not provide additional construction as to the terms "Spaced from the perimeter of the bearing plate," "End over one of the major surfaces and spaced from the perimeter of the bearing plate," "Rolled," "Looped," "Folded," "Rolled safety edge," "Looped safety edge," "Folded safety edge," or "The end positioned over one of the major surfaces and spaced from the perimeter of the bearing plate to provide a safety edge formed around the perimeter of the bearing plate."

The discussion at page 7 of the Claim Construction Order cited by Excel occurred in the context of the Court's construction of the term "perimeter" and was the Court's effort to summarize and critique Excel's litigation position.  In the Court's specific construction of the term "safety edge," Claim Construction Order at 10, the Court rejected Excel's argument that the "free end" or "edge" must be joined to the major surface such that there would not be a sharp edge accessible

to touch. The Court adheres to its original determination.

As to the term "perimeter," the Court previously explained that Excel's theoretical concerns about a three-dimensional object need not be resolved in the context of this case, as there is no legitimate dispute as to how to measure the basically flat, square "bearing plates" at issue. The Court adheres to its construction that the term "perimeter" means the "boundary or outer limit around a piece or product."

In accordance with the foregoing, DEFENDANT EXCEL MINING SYSTEMS LLC'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S JULY 16, 2009 CLAIM CONSTRUCTION ORDER (Document No. 28) is **DENIED**.

SO ORDERED this 5th day of October, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   All counsel of record (via CM/ECF)